ABERNATHY, Respondent, v. HUNT et al (The First National Bank of Elk Point et al, Interveners, HENKIN et al, Appellant.)

(167 N. W. 145.)

(File No. 4166. Opinion filed March 26, 1918 )

1. Real Property—Trustee, Compelling Conveyance By—Mortgages by Trustee, Validity—Lis Pendens, Effect on Mortgagee.

Where title to realty in Iowa was conveyed in trust by plaintiff owner to the wife of one of two persons through whom a desired exchange of the land for land in this state, was to be effected, and, the exchange being negotiated, said grantee conveyed the Iowa land to the former owner of the exchanged South Dakota land, taking a deed from him to herself for the latter; and, thereafter said trustee and her husband executed, to a co-defendant a mortgage on the South Dakota land, which was duly recorded; and later executed a second mortgage thereon to a co-defendant, which was likewise recorded, and, thereafter the first mortgagee assigned to defendant intervener, and later assigned the second mortgage to a co-intervener, held, that there was no warrant or auth-

ority for execution of either of said mortgages; and both were without validity in the hands of the mortgagee. **Held,** further, that one of said mortgages, assigned after recording of notice of pendency of said action, was held by assignee subject to all infirmities therein existing while in hands of original mortgagee.

2. **Mortgages—Mortgage by Trustee—Assignment Without Consideration, as Security for Pre-existing Debt—Assignee, Bona Fides of—Constructive Notice—Cancellation of Mortgage—Statutes.**

A bank, assignee of a mortgage executed by one who held title to the lands as trustee, and which took said assignment as security to a pre-existing debt owed by a third person, there being no consideration for said assignment, is not a good-faith purchaser for value in due course of business, nor free from the defenses existing against the mortgage in hands of the original mortgagee; and the manner in which the assignment was made was such as to put the bank upon inquiry as to genuineness of the mortgage, and it is charged with constructive notice of the facts such inquiry would have disclosed; construing Rev. Civ. Code, Sec. 2452. **Held,** further, that the bank was not an indorsee of the mortgage in due course; the facts not bringing the case within Laws 1913, Ch. 279, Sec. 25 (Negotiable Instrument Law) providing that an antecedent or pre-existing debt constitutes value. **Held,** further that said mortgage was properly cancelled by trial court.

Appeal from Circuit Court, Brookings County. Hon. CARL G. SHERWOOD, Judge.

Action by Elizabeth Abernathy, against Lewis Hunt and others, The First National Bank of Elk Point et al interveners, to compel defendant Ethel Hunt to convey title to certain lands, and for cancellation of mortgages placed thereon by defendants Ethel and Lewis Hunt. From a judgment for plaintiff, adjudging the mortgages fraudulent and void, and cancelling same, and from an order denying a new trial, defendant Louis Henkin, and the interveners Ona J. Henkin and The First National Bank of Elk Point, appeal. Affirmed.

*Gantt & Ellis,* for Appellants.

*E. A. Berke, E. A.* and *W. H. Morling,* for Respondent.

(2) To point two of the opinion, Appellants cited: Citizens Savings Bank v. Empey, 148 N. W., 606; 7 Cyc. 932, and note; 941, note 4.

Respondent cited: Civ. Code, Sec. 2464; 27 Cyc. 1322; 16—Vol. 40, S. D.

Canajohrie Nat. Bank v. Diefendorf, 25 N. E., 405; Ord v. Coapstick, 36 N. E. (Ind.) 279.

POLLEY, J. This action is brought for the purpose of compelling the defendant Ethel Hunt to convey the title to a quarter section of land in Brookings county to plaintiff, and also to cancel two mortgages placed on said land by the defendants Ethel Hunt and Lewis Hunt.

The defendant Ethel Hunt is the daughter of plaintiff and the wife of the defendant Lewis Hunt. Plaintiff owned real property in Iowa which she desired to exchange for farm property in South Dakota. Defendants Louis Henkin and Lewis Hunt undertook to effect such exchange, and, in order to facilitate the transaction, had plaintiff (who is a nonresident) execute a deed conveying title to her property to her daughter, Ethel Hunt, who resides in this state. Louis Henkin and Lewis Hunt negotiated a trade of plaintiff's Iowa property for a quarter section of land in Brookings county, owned by one H. H. Moore. In consummation of said transaction defendant Ethel Hunt deeded plaintiff's property to the said Moore and took a deed from Moore conveying the Brookings county property to herself. The deed from Moore to Ethel Hunt was executed on the 4th day of March, 1915. On the following day, March 5th, Ethel Hunt and Lewis Hunt executed and delivered to defendant Louis Henkin a mortgage on the Brookings county land for $2,000. This mortgage was filed for record on the 9th day of March, 1915. On the 15th day of April, 1915, Ethel Hunt and Lewis Hunt executed a second mortgage to Louis Henkin on the Brookings county land for $150, which mortgage was filed for record in Brookings county on the 19th day of April, 1915. On the 17th day of March, 1915, defendant Louis Henkin assigned the $2,000 mortgage to the intervener First National Bank of Elk Point, and on the 1st day of May, 1915, he assigned the $150 mortgage to the intervener Ona J. Henkin.

The trial court found that plaintiff is the owner in fee of the said land, and that the said mortgages were procured by the defendant Louis Henkin by and through fraud and deceit, and therefore were void, and entered a decree cancelling the same. From this decree the defendant Louis Henkin and the interveners, Ona J. Henkin and the First National Bank, appeal.

[1]    Appellants make no claim that merits consideration that there was any warrant or authority for the execution of either of the said mortgages, or that, in the hands of the mortgagee, Louis Henkin, they were of any binding force or validity whatever.    The $150 mortgage was not assigned to Ona J. Henkin until after the notice of the pendency of this action had been filed for record, and therefore he took the same subject to all the infirmities of the said mortgage that existed while it was in the hands of the original mortgagee.    This was conceded by counsel on the argument, and said mortgage will receive no further notice.

[2]    The situation relative to the mortgage assigned to the bank is somewhat different, but not more difficult.    It is claimed on behalf of the bank that the assignment of said mortgage was taken and is held as security for an indebtedness of $2,500.    But it appears from the evidence that this was a preexisting debt; that it was amply secured by other security; that it was secured to the satisfaction of the bank; that the assignment was not solicited by the bank, but was made voluntarily and without any consideration whatever passing from the bank to Louis Henkin. Moreover, the $2,500 indebtedness to the bank was not a debt owed by Louis Henkin, but one that was owed by Henry Henkin and Ona J. Henkin.    This does not make the bank a good-faith purchaser for value in due course of business nor free the mortgage from the defenses that existed against it while in the hands of the original mortgagee.    The manner in which the assignment to the bank was made was such as to put it upon inquiry as to the genuineness of the mortgage, and it is charged with constructive notice of the facts that such inquiry would have disclosed. Section 2452, Rev. Civ. Code.

Appellants cite and rely upon Bank v. Empey, 34 S. D. 361, 148 N. W. 606, in support of their contention that the bank is an indorsee of the mortgage in due course of business, but the facts in this case do not bring it within the rule announced in that case.    Neither does it come within that portion of section 25, c. 279, Laws of 1913 (the Negotiable Instrument Law), which provides that an antecedent or pre-existing debt constitutes value.

The mortgage having been void in the hands of the original mortgagee, and the bank having failed to show itself a bona fide holder thereof, it was properly canceled by the trial court.

The judgment appealed from is affirmed.